UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 11, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA | GRAND JURY ORIGINAL |
| v. | Criminal No. |
| JEFFREY FORTENBERRY, | VIOLATIONS: |
| Defendant. | COUNT 1: 18 U.S.C. § 1001(a)(1)<br>(Falsifying and Concealing Material Facts)<br><br>COUNT 2: 18 U.S.C. § 1001(a)(2)<br>(Making False Statements) |

## INDICTMENT

The Grand Jury charges that, on or about the times and dates stated herein:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

### THE FEDERAL ELECTION CAMPAIGN ACT INVESTIGATION

1.  Federal investigators with the United States Department of Justice and the Internal Revenue Service were conducting a federal criminal investigation into illegal political campaign contributions made by foreign national Gilbert Chagoury, using other individuals as conduits, to defendant JEFFREY FORTENBERRY's 2016 congressional campaign (the "Federal Investigation") and the campaigns of other federal candidates in the United States. The Federal Investigation also sought to uncover whether and when any politicians were aware they had received illegal contributions, and whether any person sought to impermissibly influence the recipient politician in exchange for the contributions.

## RELEVANT PERSONS AND ENTITIES

2. Defendant JEFFREY FORTENBERRY was the United States Representative for Nebraska's 1st congressional district, having first been elected as a U.S. Representative in 2004.

3. Gilbert Chagoury was a Nigerian-born billionaire businessperson of Lebanese descent. As a foreign national, Chagoury was prohibited from making contributions directly or indirectly in support of any candidate for federal elected office in the United States.

4. Toufic Baaklini was a United States-based businessman who served as a consultant for Chagoury and assisted Chagoury with financial dealings in the United States.

5. Individual H resided in Los Angeles, California. On February 20, 2016, Individual H hosted a political fundraiser for defendant FORTENBERRY in Los Angeles (the "2016 Fundraiser").

## BACKGROUND ON FEDERAL ELECTION LAW

6. Under federal law, each federal campaign had to report to the Federal Election Commission ("FEC") the name and address of any individual providing a contribution of more than $50. The reports were supposed to provide transparency about the identity of donors to federal candidates for office and the amount of those contributions.

7. To ensure that the contributions were transparent and fell within the campaign contribution limits, individuals were not allowed to make contributions to federal candidates for political office in the names of other people ("conduit contributions"), and federal candidates were not allowed to knowingly accept such contributions.

8. Foreign nationals were not allowed to make contributions to federal candidates for political office ("foreign contributions"), and federal candidates were not allowed to knowingly accept such contributions.

9. When federal candidates learned of false or inaccurate information on previously submitted FEC reports, they were required to cause their campaign to file amended FEC reports with accurate information.

10. Defendant FORTENBERRY was familiar with the legal prohibitions against foreign and conduit contributions.

11. Defendant FORTENBERRY knew Chagoury was a foreign national.

### FOREIGN AND CONDUIT POLITICAL CONTRIBUTIONS FROM CHAGOURY TO DEFENDANT FORTENBERRY

12. In January 2016, Chagoury arranged for $30,000 of his money to be contributed through other individuals to the re-election campaign of defendant FORTENBERRY. Baaklini provided $30,000 in cash he received from Chagoury to Individual H at a restaurant in Los Angeles in January 2016. Individual H was to identify multiple individuals who would contribute the funds to defendant FORTENBERRY's campaign. After receiving the cash from Baaklini, Individual H hosted the 2016 Fundraiser, which defendant FORTENBERRY attended. At the 2016 Fundraiser, Individual H and individuals Individual H recruited and reimbursed, using Chagoury's cash that Individual H received from Baaklini, made campaign contributions totaling $30,200 to defendant FORTENBERRY's campaign fund.

### THE INVESTIGATION OF FOREIGN AND CONDUIT CONTRIBUTIONS RECEIVED BY DEFENDANT FORTENBERRY FROM CHAGOURY

13. As part of the Federal Investigation, federal investigators sought to determine, among other things: (a) whether defendant FORTENBERRY's congressional campaign received illegal conduit contributions at the 2016 Fundraiser; (b) if and when defendant FORTENBERRY knew about any illegal conduit contributions to his congressional campaign at the 2016 Fundraiser; (c) whether defendant FORTENBERRY'S congressional campaign received illegal foreign contributions indirectly from Chagoury at the 2016 Fundraiser; (d) if and when defendant

FORTENBERRY knew about any illegal foreign contributions to his congressional campaign received indirectly from Chagoury at the 2016 Fundraiser; and (e) if and when defendant FORTENBERRY had any direct or indirect communication with Chagoury or Baaklini about the contributions his congressional campaign was to and did receive at the 2016 Fundraiser.

14.   In September 2016, Individual H began cooperating with the Federal Investigation. Individual H informed federal investigators of the illegal conduit and foreign contributions Individual H and others made to defendant FORTENBERRY's campaign at the 2016 Fundraiser.

15.   On or about March 19, 2018, and again on or about April 9, 2018, defendant FORTENBERRY contacted Individual H to inquire about hosting another fundraiser in 2018 in Los Angeles. On or about June 4, 2018, Individual H called defendant FORTENBERRY to discuss defendant FORTENBERRY's requests for an additional fundraiser (the "2018 Call"). In the 2018 Call, Individual H told defendant FORTENBERRY, on multiple occasions, that prior to the 2016 Fundraiser, Baaklini provided Individual H with "$30,000 cash" to give to defendant FORTENBERRY's campaign.

16.   In the 2018 Call, Individual H also told defendant FORTENBERRY that:

   a.   Individual H distributed the $30,000 cash to other individuals to contribute to defendant FORTENBERRY's campaign at the 2016 Fundraiser; and

   b.   The $30,000 cash Baaklini gave to Individual H "probably did come from Gilbert Chagoury because he was so grateful for your support [for] the cause."

17.   Despite being told by Individual H about the illegal contributions, defendant FORTENBERRY did not file an amended report with the FEC regarding the 2016 Fundraiser. Defendant FORTENBERRY also did not return or otherwise try to disgorge the contributions from the 2016 Fundraiser despite hearing on the 2018 Call with Individual H that they were illegal

contributions. Rather, it was not until after federal investigators interviewed him in July 2019 that defendant FORTENBERRY disgorged the contributions.

18. These Introductory Allegations are incorporated into each count of this Indictment.

**COUNT ONE**
**[18 U.S.C. § 1001(a)(1)]**

SCHEME TO FALSIFY AND CONCEAL MATERIAL FACTS

19. From on or about June 4, 2018, to in or about July 18, 2019, in the District of Columbia and elsewhere, defendant JEFFREY FORTENBERRY knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts in a matter within the jurisdiction of the executive branch of the Government of the United States, namely that:

    a. Defendant FORTENBERRY's congressional campaign had received illegal contributions at the 2016 Fundraiser;

    b. Defendant FORTENBERRY had become aware that his congressional campaign received illegal contributions at the 2016 Fundraiser;

    c. Baaklini had provided $30,000 cash to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser;

    d. Defendant FORTENBERRY had become aware that Baaklini had provided $30,000 cash to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign; and

    e. Chagoury was the source of the $30,000 that Baaklini provided to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser.

## PURPOSE OF THE SCHEME

20.     The purpose of the scheme was to conceal that defendant FORTENBERRY had received illegal foreign and conduit contributions and that defendant FORTENBERRY was aware that his congressional campaign had received such contributions.

## EXECUTION OF THE SCHEME

21.     Defendant FORTENBERRY carried out the trick, scheme, and device, in substance, in the following manner:

    a.     During an interview with federal investigators on March 23, 2019, at his residence in Lincoln, Nebraska regarding the Federal Investigation, defendant FORTENBERRY made the following false and misleading statements after being advised it was a crime to lie to the federal government:

        i.     Defendant FORTENBERRY falsely stated that he was not aware of Baaklini ever making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit contributions to a political campaign.

        ii.     Defendant FORTENBERRY falsely stated that the individuals who contributed to the 2016 Fundraiser were all publicly disclosed and that every campaign contribution that his campaign had received was publicly disclosed.

        iii.     Defendant FORTENBERRY misleadingly stated that he was unaware of any contributions made by foreign nationals to his campaign.

    b.     During an interview on July 18, 2019, by federal investigators and with his counsel present, at his counsel's office in the District of Columbia, regarding the Federal Investigation, defendant FORTENBERRY made the following false and misleading statements after being advised it was a crime to lie to the federal government:

      i.  Defendant FORTENBERRY falsely stated that he had not been told by Individual H during the 2018 Call that Baaklini had given Individual H $30,000 cash to help fund the 2016 Fundraiser.

      ii.  Defendant FORTENBERRY falsely stated that he was not aware of any illicit contribution made during the 2016 Fundraiser.

      iii.  Defendant FORTENBERRY misleadingly stated he ended the 2018 Call with Individual H after Individual H made a "concerning comment" during the call. In fact, as defendant FORTENBERRY then knew, after Individual H told him repeatedly and explicitly about illegal conduit contributions and referenced an illegal foreign contribution, defendant FORTENBERRY continued to ask Individual H to host another fundraiser for defendant FORTENBERRY's campaign.

      iv.  Defendant FORTENBERRY misleadingly stated that he would have been "horrified" if he had learned from Individual H during the 2018 Call that Baaklini had provided Individual H money to contribute to the 2016 Fundraiser. In fact, as defendant FORTENBERRY then knew, rather than acting horrified after Individual H told him repeatedly and explicitly about illegal conduit contributions and Baaklini providing $30,000 to Individual H and Individual H's associates to contribute at the 2016 Fundraiser, defendant FORTENBERRY continued to ask Individual H to host another fundraiser for defendant FORTENBERRY's campaign.

    c.  At no time did defendant FORTENBERRY cause his campaign to file amended FEC reports with accurate information about the 2016 Fundraiser, including the true contributors and the amounts of their contributions.

    (In violation of Title 18, United States Code, Section 1001(a)(1))

## COUNT TWO
## [18 U.S.C. § 1001(a)(2)]

22. On or about July 18, 2019, in the District of Columbia, defendant JEFFREY FORTENBERRY did knowingly and willfully make the following materially false statements and representations to federal investigators in a matter within the jurisdiction of the executive branch of the Government of the United States knowing that these statements and representations were untrue:

    a. Defendant FORTENBERRY falsely stated that he had not been told by Individual H during the 2018 Call that Baaklini had given Individual H $30,000 cash to help fund the 2016 Fundraiser. In fact, as defendant FORTENBERRY then knew, during the 2018 Call, Individual H repeatedly told defendant FORTENBERRY that Baaklini had given $30,000 in cash to Individual H in order for Individual H to make contributions to defendant FORTENBERRY's 2016 congressional campaign.

    b. Defendant FORTENBERRY falsely stated that he was not aware of any illicit contribution made during the 2016 Fundraiser. In fact, as defendant FORTENBERRY then knew, during the 2018 Call, Individual H repeatedly told defendant FORTENBERRY that Individual H had arranged for and made conduit contributions to defendant FORTENBERRY's 2016 congressional campaign.

(In violation of Title 18, United States Code, Section 1001(a)(2))

A TRUE BILL

FOREPERSON

_Matthew M. Groves/jph_
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DISTRICT OF COLUMBIA